XlFARAS, J.
INTRODUCTION
Plaintiff, Carolina S. Lambalot as Executrix of the Estate of Raymond Lambalot, commenced this action *590 against defendants, Lance B. Levy and the Travelers Insurance Company, alleging violations of G.L.c. 93A, §§2, 9 and G.L.c. 176D for unfair and deceptive practices arising out of negotiations of the decedent’s workers compensation claim. Plaintiff alleges that defendants extended an offer of settlement which plaintiff accepted. Subsequently defendants withdrew the offer and plaintiff asserts this action was not in good faith and constitutes an unfair and deceptive practice. Defendants move to dismiss plaintiffs complaint pursuant to Mass.R.Civ.P. 12(b)(6), claiming that plaintiffs action is barred by the exclusivity provision of G.L.c. 152, §24. For the reasons set forth below, defendants’ motion to dismiss is ALLOWED.
DISCUSSION
General Laws, Chapter 152, §24 provides that employees waive their right of action at common law if they have not in a writing to their employer claimed to retain such a right. Where an employer’s workers compensation insurer “is performing a function which furthers the goals of c. 152, the insurer and the insured are one[,] and the exclusivity provision of §24 applies to both.” Boduch v. Aetna Life & Casualty Co., 26 Mass.App.Ct. 462, 466 (1988). Even if defendant’s conduct in withdrawing the settlement offer was unfair or in bad faith, plaintiff may not maintain a separate c. 93A or c. 176D action.[3] See Boduch, supra at 467-68; Kelly v. Raytheon, 29 Mass.App.Ct. 1000, 1002 (1990). Defendants’ action in withdrawing the offer furthered the goals of c. 152, and plaintiffs remedy remains within c. 152, exclusive of all other common law and statutoiy remedies. Kelly, supra at 1002.
Likewise, plaintiffs claim is dismissed because she has failed to exhaust her administrative remedies before seeking relief in Superior Court. See Assuncao’s Case, 371 Mass. 6 (1977).
ORDER
For the above reasons, this court ORDERS that Defendants’ Motion to Dismiss is ALLOWED.

 Plaintiff relies on Ferreira v. Arrow Mutual Liability Insurance Co., 15 Mass.App.Ct. 633 (1983), in support of her argument that defendants’ action in withdrawing the offer was unfair and deceptive. In Ferreira, the court held the defendant insurance company could not withdraw the offer of settlement after the agreement had been executed, filed with the Division of Industrial Accidents, presented to a single Board Member for approval and was pending final Division approval. Plaintiffs argument is without merit because the facts are distinguishable in that no executed written agreement exists and the parties have yet to appear before the Board.